# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2541 | **DATE** | 8/4/2003 |
| **CASE TITLE** | Penrose vs. Hartford Life and Accident Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. the motion to alter or amend judgment is granted [#15]. The order of dismissal of October 7, 2002 is vacated [#14] and the case is reinstated. The order granting defendant's motion to dismiss it as a defendant is vacated [#11], and the motion to dismiss is hereby denied [#5]. Plaintiff has fourteen (14) days from the date of this order to file an amended complaint that states a claim under 29 U.S.C. § 1132(a)(1)(B). Thereafter, defendant has twenty (20) days to file an answer or response to plaintiff's amended complaint. Further, the court hereby directs the clerk to change the name of defendant in the caption to "Hartford Life and Accident Insurance Company."

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | SL | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG -4 PM 2:15 | 8/4/2003 | |
| MD | courtroom deputy's initials | FILED FOR DOCKETING L-03 | date mailed notice MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**AUG - 4 2003**

| | |
|---|---|
| SANDRA E. PENROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 2541 |
| ) | Judge Joan H. Lefkow |
| HARTFORD LIFE AND ) | |
| ACCIDENT INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This is an action to recover long-term disability benefits under an employer-sponsored benefits plan. Plaintiff Sandra E. Penrose ("Penrose") filed her case in the Circuit Court of Illinois, DuPage County, against "The Hartford Life Insurance Company" for breach of contract for insurance and other state law claims. The Certificate of Insurance attached to her complaint reflects that the insurance was provided to plaintiff through her employer, IMI Systems, Inc., and that it was issued by The Hartford Life Insurance Company to "Trustee of the Hartford Multiple Employer Trust ("the policyholder"). (Def. Resp. Ex. 1.)[1] A "Plan of Insurance" accompanies the certificate. Hartford Life and Accident Insurance Company (indicating that such is the proper corporate name for defendant, and the two will be referred to as "Hartford" herein) appropriately removed the case to this court as an action to recover disability benefits under a group benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

---

[1] The parties represent that this exhibit is attached to plaintiff's original complaint, which plaintiff listed as "Exhibit A." (Def. Resp. Ex. 1.) Defendant also attaches another "Exhibit A" to its response brief. (Def. Resp. Ex. A.) This exhibit is a letter from Hartford to plaintiff's counsel in which IMI Systems, Inc. is identified as "Policy Holder." (*Id.*)

§§ 1001 *et seq.*, specifically § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."). Hartford then moved to dismiss the state law claims on the grounds of preemption, *see, e.g., Jass* v. *Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) ("[T]he preemptive force of ERISA is so powerful that it converts a state law claim into an action arising under federal law, even if the plaintiff does not want relief under ERISA") (internal citations and quotations omitted), and to dismiss Hartford on the basis that it was not the proper defendant because it is not the "Plan." In seeking dismissal, Hartford relied again on *Jass*, which courts regularly cite for the principle that "ERISA permits suits to recover benefits only against the plan as an entity. . . ." *Id.*; *see* cases cited *infra* pages 5-7. This court accepted Hartford's argument and on June 27, 2002 dismissed the complaint on the condition that Hartford reveal the identity of the Plan. The court further gave plaintiff leave to file an amended complaint against the Plan. In dismissing Hartford, this court presumed that an entity known as a plan existed and could be named. Plaintiff, through avenues of discovery and subpoenas has been unable to identify a Plan. Hartford asserts that the only information it has is contained in the Plan of Insurance and appears to have been drafted by Hartford.[2] Hartford

---

[2] By relying on the Plan of Insurance, the parties implicitly concede that there is no plan description or summary plan description ("SPD") in compliance with ERISA. A plan description or SPD contains:

> (1) the designation of an agent for service of process; (ii) the source of the plan's financing; (iii) the date of the end of the plan year and the basis for recordkeeping; (iv) a claims procedure and available remedies for redress of denied claims; or (v) a statement of ERISA rights. Under ERISA, each of these pieces of information must be included in a plan description or . . . SPD. 29 U.S.C. §§ 1022(b); 29 C.F.R. §§ 2520.102-3.

*Jackson* v. *E.J. Brach Corp.*, 937 F. Supp. 735, 740-41 (N.D. Ill. 1996). See also 29 U.S.C. § 1024(a) and 29 C.F.R. § 2520.104a-1 (the plan administrator must file the plan description or SPD with the Secretary of the Department of

administered the plan and, having denied plaintiff's administrative appeal, appears also to have been the final decision maker with respect to claims for benefits under the plan. (Def. Resp. Ex. 1.) On October 7, 2002, after hearing that plaintiff still had been unable to identify the plan, the court dismissed the complaint without prejudice.

Within ten business days thereafter, on October 22, 2002, plaintiff filed a motion under Rule 59(e), Fed. R. Civ. P., to alter or amend the judgment, seeking to have the court vacate its June 27, 2002 and October 7, 2002 orders in this case and reinstate the complaint against Hartford. Hartford opposes the motion principally on the grounds that the motion is untimely because it was not filed within ten days after entry of judgment, as required by Rule 59(e), and, in the alternative, that plaintiff has not demonstrated meritorious grounds for the motion.

---

Labor.). As relevant here, the Plan of Insurance does not contain a designated agent for service of process. Plainly, such information would be of assistance in identifying the plan.

Nevertheless, where there is no information regarding the designated agent for service of process, 29 U.S.C. § 1132(d) provides some useful guidance. Specifically, it states:

> (1) An employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary [of Labor] shall constitute such service. The Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

29 U.S.C. § 1132(a)(1). Here, Hartford disputes it administered the plan, arguing that it is not the designated plan administrator in the policy. (Def. Resp. at 7.) The policy does not contain a designated "plan administrator." Further, the facts before the court demonstrate that Hartford is the plan administrator. (Def. Resp. Ex. 1.) Thus, at the very least, Hartford appears to be the proper party to accept service of process.

3

## DISCUSSION

A motion under Rule 59(e) is a vehicle to direct the court's attention to newly discovered evidence or a manifest error of law or fact. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule enables a district court to correct its own errors, sparing the parties and the appellate court the burden of unnecessary appellate proceedings. *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). A Rule 59(e) motion may be appropriate when "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parities, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A Rule 59(e) motion is not a mechanism to re-argue issues that have already been decided or to present new issues that could have been presented but were not. *See Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000).

### A. Timeliness of plaintiff's motion

Hartford asserts, incorrectly, that the complaint was dismissed with prejudice on June 27, 2002. To the contrary, the court granted plaintiff leave to file an amended complaint on that date.[3] As such, plaintiff could not have appealed from that order and it was, therefore, not a final judgment. *See Alejo v. Heller*, 328 F.3d 930, 935 (7th Cir. 2003) ("the dismissal of a complaint

---

[3] In its motion to dismiss, Hartford requested that the court dismiss plaintiff's complaint with prejudice. Subsequently, plaintiff moved to file an amended complaint. On June 27, 2002, the court granted plaintiff's motion to file an amended complaint as well as granted defendant's motion to dismiss. As such, although the court granted defendant's motion, its actions demonstrate that it dismissed plaintiff's complaint without prejudice. *See Ross Bros. Const. Co., Inc. v. Int'l Steel Serv., Inc.*, 283 F.3d 867, 871 (7th Cir. 2002) ("Whether a decision is final for purposes of [28 U.S.C.] § 1291 generally depends on whether the decision by the district court ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal citations and quotations omitted). Indeed, it was not until on October 7, 2002 that the court dismissed the case again, without prejudice, but leaving nothing for the court or the parties to do, unless plaintiff desired at a later time to file a new lawsuit.

4

without prejudice is generally not considered a final, appealable decision."); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003) (appeal from dismissal without prejudice is allowable if "there is no amendment [the plaintiff] could reasonably be expected to offer to save the complaint, or if a new suit would be barred by the statute of limitations."). The Rule 59(b) motion was timely.

B.     **Merits of plaintiff's motion**

*Jass*, on which the statement that only a plan may be sued under § 1132(d)(2) rests, dealt with the question whether a § 1132(d)(2) claim could lie against an individual employee of the defendant plan administrator, not whether the administrator could be sued. *Jass*, 88 F.3d at 1490. Thus, those cases, which rely on *Jass*, overstate it as "holding" that only a plan may be sued. *See* cases cited *infra* pages 5-7. Rather, *Jass* held, as pertinent here, that an employee of an ERISA plan could not be held individually liable for what was "really a federal denial of benefits claim under § 502(a) and not a state law claim." *Id.* For its statement that "ERISA permits suits to recover benefits only against the Plan as an entity . . . ," the court relied on *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985), and subsection (2) of § 1132(d) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."). *Jass*, 88 F.3d at 1490. In *Gelardi*, a one-page per curiam decision, the Ninth Circuit affirmed a district court ruling that neither the employer nor the plan administrator qualified as a plan and, therefore, the plaintiff could not recover benefits from them under § 1132(a)(1)(B). This "doctrine" has become embedded in ERISA cases involving claims for benefits, many of which

Hartford cites in its briefs. For example, in *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549 (7th Cir. 1997), the court cited *Jass* in *dictum* for the proposition that "ERISA permits suits to recover benefits only against the plan as an entity," while rejecting the defendant employer-plan administrator's argument that such was sufficient to deny the plaintiff's claim for benefits where the defendant had not asserted the argument in the district court and where the relationship between the plan and the defendant was not clearly set out. *Id.* at 551.[4] With one exception, the cases Hartford cites as authority that "[c]ourts in the Northern District of Illinois have consistently followed the Seventh Circuit's holdings in *Jass* to hold that the only proper defendant to a plan beneficiary's claim for ERISA plan benefits is the plan itself" are cases in which the language is used but the plan was, in fact, a defendant or leave was given to join the plan, thus rendering superfluous claims against other defendants. (Def. Mem. of Law in Support of its Mot. to Dismiss Pl. Compl. at 6-7); see *Bahnaman v. Lucent Technologies, Inc.*, 219 F. Supp. 2d 921, 923 (N.D. Ill. 2002) (employer dismissed from lawsuit on the basis that the plan was the proper defendant, noting that "even if a claim for denial of benefits could also be brought against [the employer], the [plan's] presence in the case is sufficient for plaintiffs to obtain all

---

[4]The court's complete statement is as follows:

> At the outset, ComEd argues that Rosemary Riordan has committed a fatal mistake by suing the wrong entity -- ComEd (her ex-husband's employer and the plan administrator) rather than the plan itself. It is true that ERISA permits suits to recover benefits only against the plan as an entity, *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996), but we are not inclined to make this case known for that rule. ComEd did not pursue summary judgment on this basis. While we can affirm the judgment of the district court on any basis supported by the record, *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997), the exact relationship between ComEd and the plan is not clearly set out. The plan documents themselves refer to ComEd and the plan nearly interchangeably, and the company designated itself as the plan's agent for service of process. So it is not surprising that Rosemary sued ComEd instead of the plan.

*Riordan*, 128 F.3d at 551.

possible relief"); *McAlister v. Golden Books Short Term Disability Plan*, No. IP-00-0504-C-B/S, 2001 WL 283147, at *3 (S.D. Ind. Mar. 21, 2001) (same); *Blickenstaff v. R.R. Donnelly & Sons Co. Short-Term Disability Plan*, No. IP-00-C-983-B/S, 2001 WL 87480, at *4 (Jan. 29, 2001) (same); *Fortmann v. Avon Prod., Inc.*, No. 97 C 5286, 1999 WL 160258, at *4 (N.D. Ill. Mar. 9, 1999) (employer dismissed where the plan was already a defendant even though the plaintiff argued "there is no difference between [the employer] and the Plan"); *Anderson v. Illinois Bell Telephone Co.*, 961 F. Supp. 1208, 1212 (N.D. Ill. 1997) ("[The plaintiff] does not suggest--and we cannot conclude--that [the employer] and the [plan] are one and the same"); *Sisto v. SBC Ameritech*, No. 01 C 8262, 2002 WL 448993, at *2 (N.D. Ill. Mar. 22, 2002) (dismissal of the plan administrators with leave to amend to join the plan); *Carugati v. The Long Term Disability Plan for Salaried Employees*, No. 01 C 5863, 2001 U.S. Dist. LEXIS 24406, at *2-4 (N.D. Ill. Oct. 3, 2001) (same).[5]

Suffice it to say, in none of the cases was the identity of the plan unknown to the parties. Thus, whether the general principle that the plan is the proper defendant applies to the circumstances presented here has not been addressed in any cited case. This court is not persuaded, however, that the Seventh Circuit would foreclose plaintiff's claim. In *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751 (9th Cir. 2001), which was cited in *Bahnaman*, 219 F. Supp. 2d at 923, the court ruled that "§ 1132(a)(1)(B) does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as the plan administrator."

---

[5]The exceptions are *Roeder v. Chemrex*, 863 F. Supp. 817, 828 (E.D. Wis. 1994) (granting summary judgment in favor of an insurance company and stating as an "additional" ground the failure to join the plan as a necessary party defendant for a claim under § 1132(a)(1)(B)); *Mathisen v. Sundance Homes, Inc.*, No. 97 C 1305, 2001 U.S. Dist. LEXIS 22122, at *18 (N.D. Ill. Sept. 27, 2000) (determining the claims administrator was not the plan because "the plaintiffs have not brought any evidence forward that suggests that Great West was the Sundance Plan's sponsor or the Plan's administrator.").

*Everhart*, 275 F.3d at 756. In *Everhart*, the plaintiff settled with the plan and the plan administrator and sought to recover against the third-party insurer who funded but did not administer the plan. *Id.* The Ninth Circuit rejected the plaintiff's claim but declined to hold that *Gelardi*'s rule that § 1132(a)(1)(B) permits suits only against the plan entity was limited to self-funded plans. *Everhart*, 275 F.3d at 755. Judge Reinhardt dissented, making some points pertinent here: First, he pointed out that there is no statutory language that limits the parties that may be sued under the statute to plans and administrators, or prohibits suits against third party insurers. *Everhart*, 275 F.3d at 757. Second, he argued that under the reasoning of *Harris Trust and Savings Bank* v. *Salomon Smith Barney*, 530 U.S. 238, 246 (2000), "there is no limit on the universe of proper defendants' where the statute does not establish one." *Everhart*, 275 F.3d at 757 (internal citations omitted).[6] In the light of the *Everhart* dissent, this court is persuaded that § 1132(d) merely provides that a plan can be sued and was not intended to limit § 1132(a)(1)(B) suits to plans;[7] that the *Gelardi* court meant "that, *given the provisions of the plan at issue*, ... the only parties Gelardi could sue were the parties with the authority or obligation to determine or pay the benefits – the plan and the fiduciary," *Everhart*, 275 F.3d at 758 (Reinhardt, J., dissenting); and that *Harris Trust and Savings Bank* counsels that *Jass* dictum is no longer good

---

[6]In *Harris Trust and Savings Bank*, the plaintiffs, fiduciaries of the plan, filed suit against Salomon Smith Barney Inc. The plaintiffs argued that another plan fiduciary engaged in a prohibited transaction with defendant as a "party in interest" under § 406(a) of ERISA, 29 U.S.C. § 1106(a), when that plan fiduciary purchased nearly $21 million in interest in motel properties from defendant. Subsequently, the plaintiffs discovered this transaction as well as that the interests were worthless. Plaintiffs sued defendant under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which allows fiduciaries to recover "appropriate equitable relief." In response to the lawsuit, defendants argued that § 502(a)(3) only allows fiduciaries to sue the plan fiduciary who caused the plan to enter into the prohibited transaction and not the counterparty (here defendant) of the transaction. The Supreme Court disagreed with defendant, holding that § 502(a)(3) extends to suits against a nonfiduciary "party in interest" to a prohibited transaction under § 406(a).

[7]The explicit terms of § 1132(d)(2) allow that an individual may be liable where "liability against such person is established in his individual capacity."

law if it ever was. It is plain enough in light of the ameliatory purposes of ERISA, the court of appeals is unlikely to hold that where the employer and/or administrator have failed to create or identify an entity known as a plan which can be sued, then a plaintiff is without a remedy in a suit to recover benefits. It is hardly debatable that the Congressional purpose behind § 1132(a)(2)(B) was, at the least, that a party legally responsible for paying benefits governed by ERISA is a party that can be sued. *Everhart*, 275 F.3d at 757. Here, it appears that Hartford not only has the final word on whether a claim for benefits will be paid to a beneficiary but also is the party that funds the plan. Absent any evidence that a plan entity exists, the court finds that Hartford is a proper defendant in a claim to recover benefits under the plan.

## ORDER

Wherefore, for the reasons set forth above, the motion to alter or amend judgment is granted [#15]. The order of dismissal of October 7, 2002 is vacated [#14] and the case is reinstated. The order granting defendant's motion to dismiss it as a defendant is vacated [#11], and the motion to dismiss is hereby denied [#5]. Plaintiff has fourteen (14) days from the date of this order to file an amended complaint that states a claim under 29 U.S.C. § 1132(a)(1)(B). Thereafter, defendant has twenty (20) days to file an answer or response to plaintiff's amended complaint. Further, the court hereby directs the clerk to change the name of defendant in the caption to "Hartford Life and Accident Insurance Company."

ENTER: *(signature)*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: August 4, 2003.

9